WE ARE IN RECEIPT OF YOUR LETTER ASKING FOR AN OPINION REGARDING QUESTIONS OF REPORTING BY YOUR OFFICE WHEN PEOPLE DIE AS A RESULT OF THERAPEUTIC INTERVENTION WHEN YOUR INVESTIGATION RAISES A QUESTION OF ACCIDENTAL DEATH OR THE POSSIBILITY OF INADEQUATE OR INAPPROPRIATE MEDICAL THERAPY.
BECAUSE IT APPEARS THAT THE QUESTION MAY BE ANSWERED BY REFERENCE TO THE STATUTES INVOLVED AND A FEW BASIC RULES OF STATUTORY CONSTRUCTION, IT IS NOT NECESSARY TO ISSUE A FORMAL OPINION OF THE ATTORNEY GENERAL. THAT DOES NOT MEAN, HOWEVER, THAT WE CANNOT ASSIST YOU. I BELIEVE YOU WILL FIND THIS INFORMAL OPINION DISPOSITIVE OF YOUR QUESTIONS.
THE STATUTES GOVERNING YOUR AGENCY DO NOT APPEAR TO SPECIFICALLY ADDRESS THE ISSUE OF REPORTING IN CASES OF DEATHS THAT ARE MEDICALLY UNEXPECTED AND THAT OCCUR IN THE COURSE OF A THERAPEUTIC PROCEDURE. TITLE 63 O.S. 949 (1981) PROVIDES THAT, UPON INVESTIGATING A DEATH, THE OFFICE OF THE CHIEF MEDICAL EXAMINER SHALL PROMPTLY DELIVER TO THE DISTRICT ATTORNEY OF EACH COUNTY HAVING CRIMINAL JURISDICTION OVER THE CASE COPIES OF ALL RECORDS RELATING TO EVERY DEATH AS TO WHICH FURTHER INVESTIGATION MAY BE ADVISABLE. THIS STATUTE APPEARS TO RELATE TO INSTANCES IN WHICH CRIMINAL CHARGES ARE FILED. THIS STATUTE CERTAINLY DOES NOT PROHIBIT REPORTING OF INCIDENTS OF INADEQUATE OR INAPPROPRIATE MEDICAL THERAPY TO THE DISTRICT ATTORNEY OR OTHER APPROPRIATE REPORTING AGENCY AND I AM NOT AWARE OF ANY STATUTES WHICH WOULD PROHIBIT SUCH REPORTING.
YOUR INQUIRY SEEMS TO BE CONCERNED WITH WHETHER YOU MAY INCUR LIABILITY FOR REPORTING INCIDENTS OF ABUSE OR NEGLECT. IT APPEARS THAT YOU WOULD INCUR LIABILITY ONLY IN AN EXTREME CIRCUMSTANCE SUCH AS IF STATEMENTS YOU MADE WERE FALSE OR MISLEADING. CONDUCT OF A PERSON ACTING UNDER COLOR OF STATE LAW THAT AMOUNTS TO AN ABUSE OF POWER MAY VIOLATE THE DUE PROCESS CLAUSE AND BE ACTIONABLE UNDER THE CIVIL RIGHTS ACT FOUND AT 42 U.S.C.A. 1983. IF, BY YOUR REPORTING, ONE WERE TO BE DEPRIVED OF A CIVIL RIGHT SUCH AS LOSS OF PROPERTY OR LIBERTY, THE QUESTION WOULD BECOME ONE OF WHETHER YOU ACTED NEGLIGENTLY OR INTENTIONALLY IN DISCLOSING THE INFORMATION. IN DANIELS V. WILLIAMS,474 U.S. 327, 106 S.CT. 662, 88 L.ED.2D 662 1986), THE UNITED STATES SUPREME COURT HELD THAT "THE DUE PROCESS CLAUSE IS SIMPLY NOT IMPLICATED BY A NEGLIGENT ACT OF AN OFFICIAL CAUSING UNINTENDED LOSS OF OR INJURY TO LIFE, LIBERTY OR PROPERTY". ID. AT 328. HOWEVER, INTENTIONAL CONDUCT OR RECKLESS OR CALLOUS INDIFFERENCE TO AN INDIVIDUAL'S RIGHTS MAY ACTIVATE THE PROTECTIONS OF THE DUE PROCESS CLAUSE.
IN DELOACH V. BEVERS, 922 F.2D 618 (10TH CIR. 1990), A POLICE DETECTIVE, BEVERS, PREPARED AN AFFIDAVIT WHICH INDUCED A MAGISTRATE TO ISSUE A WARRANT FOR DELOACH'S ARREST FOR FIRST DEGREE MURDER. DELOACH WAS ARRESTED AND BOUND OVER FOR TRIAL. AFTER THE JURY WAS EMPANELED FOR DELOACH'S TRIAL, THE GOVERNMENT WITHDREW THE CHARGE. DELOACH THEN FILED AN ACTION UNDER 42 U.S.C.A. 1983
ALLEGING THAT BEVERS VIOLATED HER CONSTITUTIONAL RIGHTS BY RETALIATING AGAINST HER FOR EXERCISE OF HER RIGHT TO RETAIN COUNSEL BY PREPARING AN INTENTIONALLY FALSE AND MISLEADING AFFIDAVIT. BECAUSE BEVERS MADE INTENTIONAL OR RECKLESS STATEMENTS IN HER ARREST AFFIDAVIT, SHE WAS FOUND TO HAVE VIOLATED DELOACH'S CIVIL RIGHT TO BE FREE FROM MALICIOUS PROSECUTION.
A SIMILAR SITUATION OCCURRED IN ROBINSON V. MARUFFI, 895 F.2D 649, 655 (10TH CIR. 1990) WHEN POLICE OFFICERS PURPOSEFULLY CONCEALED AND MISREPRESENTED MATERIAL FACTS TO THE DISTRICT ATTORNEY WHICH MAY HAVE INFLUENCED HIS DECISION TO PROSECUTE.
UNDER OKLAHOMA LAW, YOU WOULD BE PROTECTED FROM A CLAIM FOR LIBEL OR SLANDER IN ACCORDANCE WITH 12 O.S. 1443.1 (1981) IF THE STATEMENT IS MADE IN THE PROPER DISCHARGE OF YOUR OFFICIAL DUTY. THE PROTECTION AFFORDED BY THE PRIVILEGE DOES NOT PROTECT FALSE STATEMENTS. ON THE OTHER HAND, IF THE STATEMENTS ARE SHOWN TO BE MERELY STATEMENTS OF OPINION AND NOT STATEMENTS OF FACT, SUCH STATEMENTS ARE INCAPABLE OF BEING FALSE AND ARE NOT ACTIONABLE IF A REASONABLE READER OF THE STATEMENTS WOULD NOT HAVE INTERPRETED THE WORDS AS IMPUTING A CRIMINAL ACT. HENNESSEE V. MATHIS, 737 P.2D 958, 960 (OKLA. APP. 1987).
ALTHOUGH I, OF COURSE, CANNOT GUARANTEE THAT A PARTY MAY NOT ATTEMPT TO HOLD YOUR OFFICE CIVILLY RESPONSIBLE FOR SUCH REPORTING, IT APPEARS THAT IF YOUR OFFICE ACTS IN GOOD FAITH, AS I AM SURE YOU WOULD DO, YOU SHOULD INCUR NO LIABILITY. I CAUTION YOU TO KEEP YOUR COMMENTS CONTAINED TO REPORTING THAT FURTHER INVESTIGATION IS WARRANTED AND TO REFRAIN FROM DRAWING CONCLUSIONS AS TO LIABILITY.
CONSIDERATIONS OF PUBLIC POLICY WEIGH HEAVILY IN FAVOR OF REPORTING INSTANCES OF SUSPECTED ABUSE OR INADEQUACY. SUCH DISCLOSURE WOULD INURE TO THE BENEFIT OF THE PUBLIC AT LARGE.
(SANDRA D. HOWARD)